**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA,

    Plaintiff,

 vs.           **Case No. 09-40077-01-RDR**

ANTHONY HODGES,

    Defendant.

**O R D E R**

This matter is presently before the court upon defendant's motion for investigative services. Having carefully reviewed the motion, the court is now prepared to rule.

In this motion, the defendant seeks the appointment of an investigator to provide 20 hours of services at the rate of $65.00 per hour. In support of the motion, the defendant states only that "additional investigation is needed to prepare this case for trial."

The Criminal Justice Act, 18 U.S.C. 3006A, establishes the procedures to be followed by the counsel of an indigent defendant in seeking the resources necessary to provide a constitutionally sound defense. It allows defense counsel to make ex parte applications for investigative, expert, and other services if they are necessary for an adequate defense. 18 U.S.C. § 3006A(e)(1). "The court need not appoint an expert unless it is convinced that such services are necessary for an adequate defense." United

States v. Greschner, 802 F.2d 373, 377 (10th Cir. 1986) (citations omitted), cert. denied, 480 U.S. 908 (1987).  In addition, it is the defendant's burden to make a showing of necessity.  Id.

Generally, a court should not decide an application without conducting the ex parte proceeding required by statute.  United States v. Bercier, 848 F.2d 917, 919 (8th Cir. 1988).  Nevertheless, a court may deny an application without an ex parte proceeding when the application fails to include "a specific statement of why the services are necessary."  United States v. Goodwin, 770 F.2d 631, 634 (7th Cir. 1985), cert. denied, 474 U.S. 1084 (1986).  The Tenth Circuit has "repeatedly emphasized that defendants must provide the district court with explicit detail showing why the requested services are 'necessary' to an adequate defense and what the defendant expected to find by using the services."  United States v. Gonzales, 150 F.3d 1246, 1251 n. 4 (10th Cir.), cert. denied, 525 U.S. 1129 (1999); see United States v. Mundt, 508 F.2d 904, 908 (10th Cir. 1974) ("[I]t is essential when requesting investigative services to show specifically the reasons why such services are necessary." (citation omitted)), cert. denied, 421 U.S. 949 (1975).  This exception serves to avoid delay and the waste of judicial resources caused by meritless applications and to ensure the court is not surprised but prepared to rule immediately upon the application at any ex parte proceeding.  See Goodwin, 770 F.2d at 634.

Here, the defendant has not made a sufficient showing that he is entitled to funds to obtain investigative services. He has failed to show why an investigator is necessary, what the investigator would do, and why defense counsel could not perform the investigative work needed. Under these circumstances, the court does not believe that an ex parte hearing on this motion is necessary. Accordingly, the court shall deny this motion without prejudice.

**IT IS THEREFORE ORDERED** that defendant's motion for investigative services (Doc. # 183) be hereby denied without prejudice.

**IT IS SO ORDERED.**

Dated this 8th day of October, 2010 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge